UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JILLIAN TERESA DRONCKOWSKI,

                Plaintiff,

v.                                                    1:18-CV-0027
                                                       (WBC)
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

APPEARANCES:                                     OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC    KENNETH HILLER, ESQ.
  Counsel for Plaintiff                           MARY ELLEN GILL, ESQ.
6000 North Bailey Ave, Ste. 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.                AVNI GANDHI, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II   ELIZABETH ROTHSTEIN, ESQ.
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

On June 11, 2018, the parties consented, in accordance with a Standing Order to proceed before the undersigned. (Dkt. No. 7.) The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, Plaintiff's motion is denied and the Commissioner's motion is granted.

**I.     RELEVANT BACKGROUND**

## A. Factual Background

Plaintiff was born in 1995. (T. 60.) She completed her GED. (T. 354.) Generally, Plaintiff's alleged disability consists of pervasive development disorder and social disorder. (T. 177.) Her alleged disability onset date is March 28, 1995. (T. 60.) At the time of her hearing, Plaintiff was working part-time. (T. 34-36.)

## B. Procedural History

On February 14, 2014, Plaintiff applied for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. (T. 60.) Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge ("the ALJ"). On August 18, 2016, Plaintiff appeared before the ALJ, Michael Carr. (T. 30-49.) On September 23, 2016, ALJ Carr issued a written decision finding Plaintiff not disabled under the Social Security Act. (T. 14-29.) On November 9, 2017, the Appeals Council ("AC") denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 1-6.) Thereafter, Plaintiff timely sought judicial review in this Court.

## C. The ALJ's Decision

Generally, in his decision, the ALJ made the following five findings of fact and conclusions of law. (T. 19-25.) First, the ALJ found Plaintiff had not engaged in substantial gainful activity since February 14, 2014. (T. 19.) Second, the ALJ found Plaintiff had the severe impairments of pervasive developmental disorder and depression. (*Id*.) Third, the ALJ found Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1. (T. 20.) Fourth, the ALJ found Plaintiff had the residual functional

capacity ("RFC") to perform a full range of work at all exertional levels with additional non-exertional limitations. (T. 20.) The ALJ found Plaintiff:

> [is] limited to simple, routine tasks and to making simple work-related decisions; required a work environment where change is minimal and with no more than a moderate noise level; cannot engage in work involving conveyor belts or assembly lines; can tolerate occasional contact with supervisors and co-workers; and cannot tolerate contact with the general public and cannot engage in tandem work.

(T. 20-21.) Fifth, the ALJ determined Plaintiff has no past relevant work; however, there were jobs that existed in significant numbers in the national economy Plaintiff could perform. (T. 24-25.)

## II. THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A. Plaintiff's Arguments

Plaintiff makes two separate arguments in support of her motion for judgment on the pleadings. First, Plaintiff argues the ALJ failed to properly assess the opinion evidence provided by Marita Campbell, LCSW-R. (Dkt. No. 9 at 8-11.) Second, and lastly, Plaintiff argues the ALJ erred in basing his RFC assessment solely on the non-examining State agency medical examiner's stale opinion. (*Id*. at 11-13.)

### B. Defendant's Arguments

In response, Defendant makes two arguments. First, Defendant argues substantial evidence supports the ALJ's evaluation of Ms. Campbell's opinion. (Dkt. No. 11 at 10-12.) Second, and lastly, Defendant argues the ALJ properly relied on the opinion of the non-examining State agency medical examiner. (*Id*. at 12-13.)

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and

4

despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV. ANALYSIS

### A. Martina Campbell, LCSW-R

The RFC is an assessment of "the most [Plaintiff] can still do despite [her] limitations." 20 C.F.R. § 416.945(a)(1)[1]. The ALJ is responsible for assessing Plaintiff's

---

[1] Effective March 27, 2017, many of the regulations cited herein have been amended, as have Social Security Rulings ("SSRs"). Nonetheless, because Plaintiff's social security application was

5

RFC based on a review of relevant medical and non-medical evidence, including any statement about what Plaintiff can still do, provided by any medical sources. *Id*. §§ 416.927(d), 416.945(a)(3), 416.946(c).

The relevant factors considered in determining what weight to afford an opinion include the length, nature and extent of the treatment relationship, relevant evidence which supports the opinion, the consistency of the opinion with the record as a whole, and the specialization (if any) of the opinion's source. 20 C.F.R. § 416.927(c)(1)-(6).

On June 21, 2016, Ms. Campbell completed a summary report. (T. 384-385.) Ms. Campbell identified herself as a licensed clinical social worker. (T. 384.) Ms. Campbell stated Plaintiff had been seen for therapy since February 2016. (*Id*.) However, the record does not contain any treatment records from Ms. Campbell. She noted Plaintiff presents "very anxious", her affect is flat, and her judgment and insights are limited. (*Id*.) Ms. Campbell noted Plaintiff's self-report the she would like to attend college, but felt she would be unable to, do to her inability to cope with stress and fear of interacting with others. (*Id*.) Ms. Campbell stated Plaintiff "will always need support from family member in order for her to meet her basic needs." (T. 385.)

In assessing the opinion evidence in the record, the ALJ afforded "very limited weight" to Ms. Campbell's 2016 statement. (T. 23.) In assessing Ms. Campbell's statement, the ALJ considered Plaintiff's testimony she was not currently receiving treatment, treatment failed to improve her condition, and she was not taking medication. (*Id*.) The ALJ also noted Ms. Campbell was a non-acceptable medical source. (*Id*.)

---

filed before the new regulations and SSRs went into effect, the court reviews the ALJ's decision under the earlier regulations and SSRs.

Plaintiff asserts the ALJ erred in his assessment of Ms. Campbell's statement because Plaintiff's lack of treatment and medication "have absolutely no bearing" on her statement. (Dkt. No. 9 at 8-9.) Plaintiff further asserts the ALJ erred in rejecting Ms. Campbell's statement based on her status as a non-acceptable medical source. (*Id*. at 9.) Here, the ALJ properly assessed Ms. Campbell's statement and his determination was supported by substantial evidence in the record.

There are five categories of "acceptable medical sources." 20 C.F.R. § 416.913(a). Licensed social workers are not listed as an acceptable medical source. *See id.* Thus, a licensed social worker cannot be a treating source, and cannot give "medical opinions." *Wider v. Colvin*, 245 F.Supp.3d 381, 389 (E.D.N.Y. 2017). Because ALJ's are only required to weigh and evaluate "medical opinions," the ALJ was not required to give Ms. Campbell's opinion any weight. *Barco v. Comm'r of Soc. Sec.*, 330 F. Supp. 3d 913, 920 (W.D.N.Y. 2018) (ALJ was not required to give social worker's opinion any weight).

However, an ALJ should evaluate evidence from "other sources" on key issues like impairment severity and functional effects. SSR 06-3p, 2006 WL 2329939 (S.S.A. Aug. 9, 2006); *see Glena v. Colvin*, No. 1:15-CV-0510, 2018 WL 739096, at *3 (W.D.N.Y. Feb. 6, 2018) ("[T]he same factors used in evaluating the opinions of acceptable medical sources can be used to evaluate the opinions of medical sources who are not acceptable medical sources, although not every factor for weighing opinion evidence will apply in every case.") (internal citation and quotations omitted). An ALJ may not disregard opinion evidence from a non-medical source simply because the evidence is from such a source. *Canales v. Comm'r of Soc. Sec.*, 698 F.Supp.2d 335,

7

344 (E.D.N.Y. 2010) (holding that ALJ erred in disregarding opinion of social worker simply because it was the opinion of a social worker, "not on account of its content or whether it conformed with the other evidence in the record").

As an initial matter, Plaintiff asserts Ms. Campbell is a "treating therapist." (Dkt. No. 9 at 8.) However, the record contains no treatment records from Ms. Campbell and it is unclear form her 2016 statement how often she treated Plaintiff between February 2016 and June 2016. (T. 384.)

The ALJ noted Ms. Campbell was not an acceptable medical source, however, the ALJ did not reject her opinion based on this alone. (T. 23.) Overall, the ALJ afforded Ms. Campbell's opinion "very limited weight" in accordance with the regulations. Under the regulations, the ALJ may consider "consistency with the record" as a relevant factor in evaluating an opinion. *See* 20 § C.F.R. 416.927(c)(4). Here, the ALJ properly noted Plaintiff's lack of treatment in assessing Ms. Campbell's statement. *See Barco,* 330 F. Supp. 3d at 920 (ALJ properly afforded social worker's opinion very limited weight where he noted plaintiff was non-complaint with treatment).

Plaintiff argues her lack of treatment is "more consistent with dependence on family." (Dkt. No. 9 at 9.) However, under the substantial evidence standard of review, it is not enough for Plaintiff to argue that the evidence in the record could support her position. Plaintiff must show that no reasonable factfinder could have reached the ALJ's conclusions based on the evidence in record. *See Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012); *see also Wojciechowski v. Colvin,* 967 F.Supp.2d 602, 605 (N.D.N.Y. 2013) (Commissioner's findings must be sustained if supported by substantial evidence even if substantial evidence supported the plaintiff's position); *see*

*also Jones v. Sullivan,* 949 F.2d 57, 59 (2d Cir.1991) (reviewing courts must afford the Commissioner's determination considerable deference and cannot substitute own judgment even if it might justifiably have reached a different result upon a *de novo* review).

Overall, the ALJ properly assessed Ms. Campbell's opinion. Ms. Campbell was not an acceptable medical source and not a treating source, therefore her statement was not entitled to any special weight. In weighing her statement, the ALJ properly noted inconsistencies between the statement and other evidence in the record. Therefore, the ALJ properly assessed the statement and substantial evidence supported his determination.

### B. Non-examining State Agency Medical Consultant, Dr. Butensky

On June 16, 2014, Dr. Butensky reviewed Plaintiff's record and provided a case analysis. (T. 50-59.) Dr. Butensky stated Plaintiff had "mild to moderate psychiatric impairment" and retained the capacity to perform simple and some complex job tasks. (T. 54.) He further opined Plaintiff had "mild to moderate" limitations in her ability to sustain attention/concentration, adapt to changes in a routine work setting, and interact appropriately with coworkers and supervisors. (*Id.*)

Specifically, Dr. Butensky opined Plaintiff had no significant limitations in her ability to: carry out very short and simple instructions; carry out detailed instructions; perform activities within a schedule, maintain regular attendance, and be punctual; sustain an ordinary routine without special supervision; make simple work-related decisions; ask simple questions or request assistance; get along with coworkers or peers without distracting them or exhibiting behavioral extremes; maintain socially

9

appropriate behavior and adhere to basic standards of neatness and cleanliness; and be aware of normal hazards and take appropriate precautions. (T. 56-57.) He opined Plaintiff had moderate limitations in her ability to: maintain attention and concentration for extended periods; work in coordination with or in proximity to others without being distracted by them; complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; respond appropriately to changes in the work setting; travel in unfamiliar places or use public transportation; and set realistic goals or make plans independently of others. (*Id*.) He opined Plaintiff had marked limitations in her ability to interact appropriately with the general public. (T. 57.)

The ALJ afforded Dr. Butensky's opinion "significant weight." (T. 23.) The ALJ noted his ultimate RFC, limiting Plaintiff to simple, routine tasks and to making simple work-related decisions, was slightly more restrictive than Dr. Butensky's opinion. (*Id*.) The ALJ also noted the doctor's opinion was "generally consistent" with the evidence in the record. (*Id*.)

Plaintiff asserts the ALJ erred in affording Dr. Butensky more weight than Ms. Campbell, and Dr. Butensky's opinion was too "stale" to provide substantial evidence to support the ALJ's RFC determination. (Dkt. No. 9 at 10-13.) Here, the ALJ properly afforded Dr. Butensky's opinion significant weight and the opinion was not too stale to render it useless.

To be sure, "medical source opinions that are conclusory, stale, and based on an incomplete medical record may not be substantial evidence to support an ALJ finding." *Camille v. Colvin*, 104 F.Supp.3d 329, 343 (W.D.N.Y. 2015). "However, a medical

opinion is not necessarily stale simply based on its age." *Biro v. Comm'r of Soc. Sec.*, 335 F. Supp. 3d 464, 470 (W.D.N.Y. 2018); *see Andrews v. Berryhill*, No. 17-CV-6368, 2018 WL 2088064, at *3 (W.D.N.Y. May 4, 2018) (ALJ did not err in relying on dated opinions where there was no indication the plaintiff's "condition had significantly deteriorated after the issuance of ... [the] opinions such that they were rendered stale or incomplete"). Here, Plaintiff failed to show that her mental health impairment deteriorated after Dr. Butensky provided her opinion. Indeed, Plaintiff fails to provide any evidence her mental health limitations were greater than those found by the ALJ. Therefore, Plaintiff's assertion that Dr. Butensky's opinion was stale and cannot provide substantial evidence to support the ALJ's mental RFC is without merit.

Further, the ALJ did not err in affording more weight to Dr. Butensky's opinion than Ms. Campbell's statement. It is well-settled that the opinion of a non-examining source may even be credited over that of an examining physician. *Allen v. Comm'r of Soc. Sec.*, 351 F. Supp. 3d 327, 336-337 (W.D.N.Y. 2018); *see Camille v. Colvin*, 652 F. App'x 25, 28 (2d Cir. 2016) (the regulations permit the opinions of non-examining sources to override the opinions of treating sources provided they are supported by the evidence in the record) (internal citation omitted); *see also LaValley v. Colvin*, 672 F. App'x 129, 130 (2d Cir. 2017) (the court rejected plaintiff's contention that the ALJ gave too much weight to the opinion evidence of consultative examiners over the evidence produced by non-acceptable medical source)*; see also Monette v. Colvin*, 654 F. App'x 516, 518 (2d Cir. 2016) (ALJ did not err in affording more weight to a consultative examiner over plaintiff's treating nurse practitioner because nurse practitioner is not an acceptable medical source and consultative examiner's opinion was consistent with the

11

record at large); *see* 20 C.F.R. §§ 416.912(b)(6), 416.913(c), 416.927(e). Therefore, the ALJ did not commit legal error in affording more weight to a non-examining consultative examiner over an examining source.

### C. Plaintiff's Part-time Work

Lastly, Plaintiff asserts the ALJ erred in considering Plaintiff's part-time work in his determination. (Dkt. No. 9 at 10.) Plaintiff inaccurately states the ALJ concluded Plaintiff's "ability to work part-time equated to an ability to work full-time." (*Id*.) In evaluating a plaintiff's RFC for work in the national economy, the ALJ must take the plaintiff's reports of pain and other symptoms into account. *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010). The ALJ determined Plaintiff's impairments caused some limitations; however, the medical evidence, and her ability to work part-time, failed to support the severity of her allegations that she was "incapable of working." (T. 23.) Here, the ALJ properly considered Plaintiff's ability to work a part-time job in his overall assessment of Plaintiff's allegations.

As noted by Defendant, in making a disability determination, an ALJ may take into consideration a plaintiff's ability to perform part time work during the relevant period. (Dkt. No. 11 at 12.) Consideration of Plaintiff's work history, as a factor in his overall assessment, was appropriate, because "[t]he Commissioner's regulations provide that part-time work, even if not substantial gainful activity, may show a [plaintiff] is able to do more than they actually did." *Washburn v. Colvin*, 286 F. Supp. 3d 561, 565 (W.D.N.Y. 2017), *appeal dismissed* (Mar. 30, 2018) (quoting *Downs v. Colvin*, 2016 WL 5348755, at *3 (W.D.N.Y. 2016)). The ALJ properly considered Plaintiff's ability to work part-time

in his overall assessment of Plaintiff's allegations regarding the limiting effects of her impairments.

Overall, the ALJ properly assessed the statement provided by Ms. Campbell and the medical opinion of Dr. Butensky. The ALJ further properly considered Plaintiff's ability to work a part-time job in his overall assessment of Plaintiff's allegations of limiting effects of her impairments.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 9) is **DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 11) is **GRANTED**; and it is further

**ORDERED** that Defendant's unfavorable determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated:   March 28, 2019

_____
William B. Mitchell Carter
U.S. Magistrate Judge